The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Jacksons Food Stores, Inc.,<br><br>　　　　　Defendant. | Case No. 2:17-cv-01285-TSZ<br><br>ANSWER |

NATURE OF THE ACTION

This is a summary of the allegations and claims asserted, thus no response is required.

JURISDICTION AND VENUE

1.　In response to the allegations in paragraph 1 of the Complaint, Defendant denies.

2.　In response to the allegations in paragraph 2 of the Complaint, Defendant admits only that venue is proper in this District and Division. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

PARTIES

3.　In response to the allegations in paragraph 3 of the Complaint, Defendant admits only that Plaintiff is generally charged with the enforcement of Title I of the ADA. Except as expressly admitted, Defendant denies all allegations contained in Paragraph 3 of the Complaint.

4.　In response to the allegations in paragraph 4 of the Complaint, Defendant admits.

5. In response to the allegations in paragraph 5 of the Complaint, Defendant admits.

6. In response to the allegations in paragraph 6 of the Complaint, Defendant admits.

## ADMINISTRATIVE PROCEDURES

7. In response to the allegations in paragraph 7 of the Complaint, Defendant admits only that Nathaniel Prugh ("Prugh") filed a Charge of Discrimination with the EEOC more than 30 days prior to the institution of this lawsuit, and that the Charge alleged a violation of the ADA, but denies violating any laws that support a claim for relief by Plaintiff. Except as expressly admitted, Defendant denies all allegations contained in Paragraph 7 of the Complaint.

8. In response to the allegations in paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff issued a determination and proposed conciliation, and on that basis denies the allegation.

9. In response to the allegations in paragraph 9 of the Complaint, Defendant admits only that it engaged in communications with Plaintiff following receipt of Plaintiff's determination and proposed conciliation. Except as expressly admitted, Defendant denies all allegations contained in Paragraph 9 of the Complaint.

10. In response to the allegations in paragraph 10 of the Complaint, Defendant is without sufficient information to admit or deny, and therefore denies.

11. In response to the allegations in paragraph 11 of the Complaint, Defendant admits.

12. In response to the allegations in paragraph 12 of the Complaint, Defendant denies.

## STATEMENT OF CLAIMS

13. In response to the allegations in paragraph 13 of the Complaint, Defendant denies.

14. In response to the allegations in paragraph 14 of the Complaint, Defendant is without sufficient information to admit or deny, and therefore denies.

15. In response to the allegations in paragraph 15 of the Complaint, Defendant admits only that Prugh expressed interest in a position with Defendant in or about February 2015.

1  Except as expressly admitted, Defendant denies all allegations contained in Paragraph 15 of the
2  Complaint.
3       16.   In response to the allegations in paragraph 16 of the Complaint, Defendant admits
4  only that Defendant's Store Manager spoke to Mr. Prugh about scheduling an interview.  Except
5  as expressly admitted Defendant denies all allegations contained in Paragraph 16 of the
6  Complaint.
7       17.   In response to the allegations in paragraph 17 of the Complaint, Defendant denies
8  as stated.
9       18.   In response to the allegations in paragraph 18 of the Complaint, Defendant denies.
10      19.   In response to the allegations in paragraph 19 of the Complaint, Defendant denies.
11      20.   In response to the allegations in paragraph 20 of the Complaint, Defendant denies.
12      21.   In response to the allegations in paragraph 21 of the Complaint, Defendant denies.

**AFFIRMATIVE DEFENSES**

Further answering, and by way of defense, Defendant states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are barred due to Defendant's good-faith efforts to consult with Prugh about scheduling his interview and to answer any questions he had about experiences with employees who are hard-of-hearing.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of the claims asserted in the Complaint may be barred by Prugh's failure to mitigate his damages, if any.

**THIRD AFFIRMATIVE DEFENSE**

Defendant is entitled to a set-off against Plaintiff's claims of damage in the amount(s) that Prugh did or could have earned through reasonable efforts.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the EEOC failed to satisfy its obligation to engage in good-faith conciliation efforts prior to the institution of this action.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that Prugh cannot demonstrate that he is a qualified individual with a disability and/or that he could perform the essential functions of the position for which he applied and for which he was to be interviewed, with or without a reasonable accommodation.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and/or Prugh have waived, or should be estopped from asserting, some or all of the claims asserted in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times, Defendant acted in good faith and in an effort to comply with all applicable laws, including the Americans With Disabilities Act of 1990.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are barred or limited by the statutory language and cap set forth in 42 U.S.C. § 1981a.

**TENTH AFFIRMATIVE DEFENSE**

If Prugh has been damaged as alleged, such damages were caused by his own acts, by the acts of those other than Defendant, or by acts for which Defendant is not responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail because Defendant would have taken the same employment action(s) regarding Prugh in the absence of any alleged unlawful motive.

**PRAYER**

WHEREFORE, Defendant respectfully requests that the Court enter judgment as follows:

1. That the claims in Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff and Prugh take nothing by reason of said Complaint or any of the claims set forth therein;

3. That Defendant recover its costs, disbursements, expenses, and attorneys' fees herein; and

4. That the Court grant such other and further relief as it may deem just and proper.

September 25, 2017                              Respectfully submitted,


/s/ Tamsen Leachman
Tamsen Leachman, WSBA #23402
121 SW Morrison, Suite 900
Portland, OR  97204
Phone:      503.221.0309
Fax:        503.242.2457
E-Mail:     tleachman@littler.com

Attorneys for Defendant
Jacksons Food Stores, Inc.

Firmwide:150135948.1 999999.9753