THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JACKSONS FOOD STORES, INC.<br><br>Defendant. | CIVIL ACTION NO. 2:17-cv-01285-TSZ<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

The Parties submit this Joint Status Report pursuant to the Court's Order of August 30, 2017 (ECF No. 4).

1. <u>NATURE AND COMPLEXITY OF THE CASE</u>

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action against Defendant Jacksons Food Stores, Inc. ("Jacksons Food" or "Defendant") under Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq.*, ("ADA" and "ADAAA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Nathaniel Prugh, who was adversely affected by such practices.   The EEOC alleges that Jacksons Food discriminated against Mr. Prugh, a qualified individual with a disability, when it failed to hire Mr. Prugh for a

JOINT STATUS REPORT AND DISCOVERY PLAN
2:17-cv-01285-TSZ
Page **1** of 10

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

Customer Services Rep position on the basis of Mr. Prugh's disability.  Mr. Prugh is deaf.  The EEOC alleges that Defendant revoked its offer to interview Mr. Prugh after Mr. Prugh requested an American Sign Language ("ASL") interpreter for the interview as a reasonable accommodation. The EEOC seeks monetary and injunctive relief for Mr. Prugh, including pecuniary and nonpecuniary compensatory damages and punitive damages.

Jacksons Food Stores, Inc. denies EEOC's allegation and contends that the offer of an interview for Mr. Prugh was not revoked. An interpreter was to be provided for him at the interview. The interview did not happen because Mr. Prugh never returned the call asking to schedule the interview.

The Parties believe that this is a relatively straightforward case and that discovery and trial are not expected to be complex.

2.      JOINING OF ADDITIONAL PARTIES

April 19, 2018

3.      USE OF MAGISTRATE JUDGE

The Parties do not consent to trial by Magistrate Judge.

4.      PROPOSED DISCOVERY PLAN

A.      Initial Disclosures

The Parties held an FRCP 26(f) Conference on October 16, 2017 and continued discussions by e-mail throughout the drafting of this report.  The Parties agree to exchange FRCP 26(a) Initial Disclosures on November 14, 2017.

B.      Subjects, Timing, and Potential Phasing of Discovery

JOINT STATUS REPORT AND DISCOVERY PLAN
2:17-cv-01285-TSZ
Page **2** of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

The Parties anticipate conducting discovery on all matters raised in the pleadings.  The Parties believe that discovery can be completed by August 17, 2018. The Parties do not believe it is necessary to conduct discovery in phases.

C.    Electronically Stored Information

The EEOC discussed discovery of electronically stored information ("ESI") related to processing Mr. Prugh's application for employment at Defendant, including but not limited to emails, notes, or other records stored electronically.  Defendant agreed to preserve such emails and records related to Mr. Prugh's application in a manner that preserves original content and metadata and searchable for metadata.  The EEOC also requests that such e-mails not be archived which would make retrieval and searching more costly and time consuming, but preserved in a manner that will allow for economical and expedient searching.  Jacksons Food Stores, Inc. has issued an appropriate litigation hold. Otherwise, the Parties do not anticipate that this is a case that will generate a large volume of ESI or issues related to discovery of ESI.

D.    Privilege Issues

The Parties do not anticipate the need to seek discovery of information and/or documents protected by the Attorney-Client Privilege, the Governmental Deliberative Process Privilege, and/or the Attorney Work Product Doctrine.

E.    Proposed Limitations on Discovery

The Parties do not anticipate the need for limitations on discovery other than those imposed by the federal or local rules, but reserve the right to seek modifications in the future.

F.    The Need for Any Discovery Related Orders

JOINT STATUS REPORT AND DISCOVERY PLAN
2:17-cv-01285-TSZ
Page 3 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

Given the nature of the dispute and the need to produce discovery regarding Mr. Prugh's disability and other confidential topics, the Parties will jointly request the entry of an agreed upon protective order pursuant to Local Civil Rules 5(g) and 26(c)(2) during discovery. No other orders need be entered by the Court at this time.

5.  OTHER ITEMS SET FORTH IN LOCAL CIVIL RULE 26(f)(1)

A.  Prompt Case Resolution

The Parties will endeavor to be efficient in taking discovery and preparing this matter for trial, and wherever possible, promote the prompt resolution of discovery disputes without court intervention.

B.  Alternative Dispute Resolution

The Parties agree to explore the possibility of mediation pursuant to Local Rule CR 39.1.

C.  Related Cases

The Parties are not aware of any related cases.

D.  Discovery Management

The Parties' views on discovery management are set forth elsewhere in this report.

E.  Anticipated Discovery Sought

The EEOC's Position:  Plaintiff EEOC will seek discovery to establish Defendant's liability for its discriminatory actions against Mr. Prugh based on disability, and damages suffered by Mr. Prugh as a result of the discrimination, including but not limited to: discovery about Defendant's policies and practices regarding hiring; internal communications regarding Mr. Prugh and other individuals who applied for a Customer Services Rep position, including e-mails and hard copy documents and/or records; other facts surrounding the processing of Mr.

JOINT STATUS REPORT AND DISCOVERY PLAN
2:17-cv-01285-TSZ
Page **4** of **10**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Prugh's application for employment and subsequent withdrawal of his opportunity to interview for the position sought; and discovery related to Defendant's affirmative defenses.

Jacksons Food's Position:  Defendant will seek to establish the failure of the EEOC to meet a condition precedent to filing suit, as well as to establish the absence of liability and the dearth of evidence of compensable damages by, for example: seeking discovery about the EEOC's investigation of Mr. Prugh's claims and its efforts to participate in meaningful conciliation with Defendant. Defendant also anticipates seeking discovery regarding the information obtained by the EEOC during the administrative process, as well as Mr. Prugh's employment history, whether he was a qualified individual with a disability, and whether his alleged request for accommodation was made and/or reasonable. Mr. Prugh's records of his communication with Defendant, and all information and documents related to Mr. Prugh's communication abilities and tools or assistance used for this purpose. Defendant also will seek discovery about Mr. Prugh's alleged damages, including his efforts to mitigate.

F.     Phasing Motions

The Parties do not believe that phasing of motions is necessary, but do propose a deadline be entered with respect to disclosures of experts.

G.     Preservation of Discoverable Information

The Parties' discussions on this topic are provided above.

H.     Inadvertent Production of Privileged Information and Other Privilege Waiver Issues

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

The Parties agree to return privileged documents that have been inadvertently produced by the party.  Treatment of inadvertently produced privileged material will be addressed in the jointly submitted protective order.

     I.     <u>Model Protocol for Discovery of ESI</u>

The Parties anticipate ESI in this case to be limited and do not believe it will be necessary to adopt the Model Protocol.

     J.     <u>Alternatives to Model Protocol</u>

The Parties' discussions on this topic are provided in ¶ 4C above.

6.     <u>DATE BY WHICH DISCOVERY CAN BE COMPLETED</u>

The Parties propose the following litigation schedule:

August 17, 2018:     Discovery Cut Off

October 12, 2018:     Dispositive Motion Deadline.

February 4, 2019:     Trial.

7.     <u>WHETHER THE CASE SHOULD BE BIFURCATED</u>

The Parties do not believe bifurcation of this case is necessary.

8.     <u>WHETHER PRETRIAL STATEMENTS AND PRETRIAL ORDER PER LOCAL CIVIL RULE 16(e), (h), (i), AND (k) AND 16.1 SHOULD BE DISPENSED WITH IN WHOLE OR IN PART.</u>

The Parties agree to dispense with the pretrial statements and pretrial order called for by Local Rules 16 and 16.1.

9.     <u>WHETHER THE PARTIES INTEND TO UTILIZE THE INDIVIDUALIZED TRIAL PROGRAM SET FORTH IN LOCAL CIVIL RULE 39.2</u>

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

The Parties do not intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.

10.   SUGGESTIONS FOR SHORTENING OR SIMPLIFYING THE CASE

The Parties will endeavor to be efficient in taking discovery and preparing this matter for trial or other disposition.

11.   DATE THE CASE WILL BE READY FOR TRIAL

The Parties believe the case will be ready for trial the week of February 4, 2019.

12.   WHETHER THE TRIAL WILL BE JURY OR NON-JURY

Plaintiff has requested a jury trial.

13.   NUMBER OF TRIAL DAYS REQUIRED

The Parties anticipate the need for five (5) trial days.

14.   NAMES, ADDRESSES AND TELEPHONE NUMBERS OF ALL TRIAL COUNSEL
      COUNSEL FOR EEOC

John F. Stanley (206) 220-6896
May Che (206) 220-6919
909 First Avenue, Suite 400
Seattle, WA  98104-1061


COUNSEL FOR JACKSONS FOOD STORES, INC.

Tamsen Leachman
503.889.8856 (direct) or 503.221.0309 (main)
Littler Mendelson, P.C.
121 SW Morrison St., Suite 900
Portland, OR 97204

William Kim
(206) 381-4910 (direct) or (206) 623-3300 (main)
Littler Mendelson, P.C.
One Union Square

JOINT STATUS REPORT AND DISCOVERY PLAN
2:17-cv-01285-TSZ
Page 7 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

1    600 University Street, Suite 3200
     Seattle, WA 98101-3122

2

15.    THE DATES ON WHICH TRIAL COUNSEL MAY HAVE COMPLICATIONS TO BE
3      CONSIDERED IN SETTING A TRIAL DATE:

4      The Parties do not have complications to be considered in setting a trial date at this time.

5

6    16.    SERVICE OF ALL DEFENDANT(S)

7      Defendant has been served.

     17.    SCHEDULING CONFERENCE
8

9      The Parties do not feel that a Scheduling Conference is necessary prior to a Scheduling

10   Order being entered in this case.

11

12   18.    FED. R. CIV. P. 7.1 AND LOCAL RULE 7.1 DISCLOSURES

13     Defendant filed its Fed. R. Civ. P. 7.1 and Local Rule 7.1 corporate disclosure on

14   September 25, 2017.  (ECF No. 6).

15

16   19.    CONSENT TO HAVING HEARINGS VIDEO RECORDED

17     The Parties do not consent to having hearings video recorded.

18

19   DATED this 30th day of October 2017.

20

21   ROBERTA STEELE
     Regional Attorney

22
     JOHN F. STANLEY
23   Supervisory Trial Attorney

24

25

JOINT STATUS REPORT AND DISCOVERY PLAN
2:17-cv-01285-TSZ
Page **8** of **10**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

1  MAY CHE
   Senior Trial Attorney
2
   BY: /s/   May Che
3  EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
4  909 First Avenue, Suite 400
5  Seattle, WA  98104-1061
   Telephone (206) 220-6919
6   Facsimile (206) 220-6911
7
   *Attorneys for Plaintiff EEOC*
8

9  BY: /s/   Tamsen Leachman
10 LITTLER MENDELSON, P.C.
   121 SW Morrison St., Suite 900
11 Portland, OR 97204
   503.889.8856 (direct)
12 503.221.0309 (main)
13              *Attorneys for Defendant Jacksons Food Stores, Inc.*
14
15
16
17
18
19
20
21
22
23
24
25

JOINT STATUS REPORT AND DISCOVERY PLAN
2:17-cv-01285-TSZ
Page **9** of **10**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

1

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## CERTIFICATE OF SERVICE

3

4

I hereby certify that on October 30, 2017, I electronically filed the forgoing "JOINT

5

STATUS REPORT AND DISCOVERY PLAN" with the Clerk of the court using the CM/ECF

6

system which will send notification of such filing to the following individuals listed below:

7

8

DATED this 30th day of October, 2017.

9

10

*/s/ Tamsen Leachman*

11

12

Firmwide:150864966.1 095181.1001

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT STATUS REPORT AND DISCOVERY PLAN
2:17-cv-01285-TSZ
Page **10** of **10**

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882